HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURICE C PIERRE, and ROBYN M. COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC SYSTEM (MERS), et al.,<br><br>Defendants. | CASE NO. C13-5142 RBL<br><br>ORDER ON MOTION TO REMAND<br><br>[DKT. #12] |

THIS MATTER is before the Court on Plaintiff's Motion to Remand. [Dkt. #12] The case was timely removed by Defendant Chase, but Chase did not obtain the consent of all other named and served Defendants, and its removal notice did not reflect that all such Defendants had consented. These "missing" defendants subsequently filed a "Notice of Consent to Removal." They did so less than 30 days after removal, and prior to the Plaintiff's Motion to Remand, but more than 30 days after they were served. No other significant decisions have been made in the case.

Plaintiff's Motion is based on his contention that Chase's Notice of Removal was defective it did not reflect the consent of all served defendants.   Defendants argue that because

such a procedural defect can be cured at any time prior to judgment, remand would be an "empty formality." They rely on *Desfino v Reiswig,* 630 F.3d 952 (9th Cir. 2011) ("The District Court may allow the removing defendants to cure the [consent] defect by obtaining joinder of all defendants prior to the entry of judgment.") (*Citing Soliman v Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002).

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

*Desfino* and *Soliman* involved slightly different procedural situations than the one presented here. Both of those cases involved defective removal, a denied motion to remand, a dismissal of plaintiff's claims on the merits, and an appeal. In both cases, the Ninth Circuit held that the procedural defect did not warrant a reversal of the substantive decision and a remand to the state court. *See Desfino* at 957. In other words, the District Court's failure to remand despite the defective removal was not fatal to the court's ultimate judgment, so long as the defect was cured prior to the entry of that judgment.

The citation to these cases is not strong support for the argument that the Court *should not* remand where the Removal was admittedly and plainly defective at the time it was done, and the defect is presented to the Court in the form a Motion to Remand before any other substantive work is done on the case.

Defendants' second argument is more persuasive, but it too is flawed. They rely on *Desfino*'s determination that the Ninth Circuit adheres to the "later- served" rule, which holds

that each defendant has 30 days from the date of service to remove a removable state court action.  Defendant MERS has not yet been served. The other Defendants argue that MERS could still remove the case within 30 days of the date it is ultimately served.  In other words, they claim, the case is likely to end up here in any event.

And it may be that MERS will be served and will properly remove the case.  But MERS may not ever be served.  The Ninth Circuit's Desfino opinion did not change the longstanding rule that the removal statute is strictly construed against removal jurisdiction.  A Defendant opposing remand cannot meet its burden by claiming its removal is "close enough," that the Plaintiff was not prejudiced by the defective removal, or by claiming that the case might be removed by a different defendant in the future, anyway.

The Motion to REMAND is GRANTED. The case is REMANDED to Thurston County Superior Court.

IT IS SO ORDERED.

Dated this 7th day of May, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE